**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ANTHONY MARKS,              :
                            :   Civil Action No. 07-5799 (RMB)
        Plaintiff,          :
                            :
                            :
        v.                  :   **OPINION**
                            :
ATLANTIC COUNTY JUSTICE     :
FACILITY, et al.,           :
                            :
        Defendants.         :

**APPEARANCES:**

> ANTHONY MARKS, Plaintiff pro se
> #150356
> Atlantic County Justice Facility
> 5060 Atlantic Avenue
> Mays Landing, New Jersey 08330

**BUMB**, District Judge

Plaintiff Anthony Marks, currently confined at the Atlantic County Justice Facility in Mays Landing, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint should be dismissed.

### I.  BACKGROUND

Plaintiff brings his civil rights action against defendants, the Atlantic County Justice Facility ("ACJF"), and Dr. Campost, a physician at the ACJF. It appears that plaintiff is a pretrial detainee and has been confined at ACJF since November 29, 2006. In his Complaint, plaintiff alleges that Dr. Campost gave him a prescription medication, Prolixin, but did not prescribe a second medication to counteract any side effects of the Prolixin. After taking the Prolixin, plaintiff's throat began to swell and close, his jaw locked, he started slurring his words, and he had trouble breathing. A nurse at ACJF gave plaintiff some Benadryl that night. Plaintiff returned to his cell and went to sleep. When he awoke the next day, he was still slurring his words. Plaintiff went back to the medical unit and received a shot to counteract the reaction from the Prolixin.

Plaintiff seeks an unspecified sum of money damages from the defendants to compensate him for his pain and suffering.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the

3

former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

4

III. <u>SECTION 1983 ACTIONS</u>

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights guaranteed under the United States Constitution. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Here, the claim asserted against the Atlantic County Justice Facility is subject to dismissal because jail facilities are not "persons" for purposes of § 1983 liability. <u>See</u> <u>Grabow v. Southern State Correctional Facility</u>, 726 F. Supp. 537, 538-39 (D.N.J. 1989); <u>Mitchell v. Chester County Farms Prison</u>, 426 F. Supp. 271, 274 (D.C. Pa. 1976). Accordingly, the Complaint will

be dismissed in its entirety against this defendant pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

The Court now turns to address the claims as asserted against the remaining defendant, Dr. Campost.

### IV. ANALYSIS

Plaintiff is a pretrial detainee confined at ACJF at the time of the alleged incidents and presently. As a pretrial detainee, Plaintiff's constitutional claims concerning the conditions of his confinement are considered under the due process clause (of the Fourteenth Amendment) instead of the Eighth Amendment. See City of Revere v. Massachusetts General Hospital, 463 U.S. 239, 243-45 (1983); Hubbard v. Taylor, 399 F.3d 150, 158 (3d Cir. 2005); Fuentes v. Wagner, 206 F.3d 335, 341 n.9 (3d Cir. 2000); Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 n.31 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988). See also Edwards v. Johnson, 209 F.3d 772, 778 (5th Cir. 2000)(citing Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979)); Despaigne v. Crolew, 89 F. Supp.2d 582, 585 (E.D.Pa. 2000) and Montgomery v. Ray, 145 Fed. Appx. 738, 740, 2005 WL 1995084 (3d Cir. 2005)(unpubl.)("the proper standard for examining such claims is the standard set forth in Bell v. Wolfish, ...; i.e. whether the conditions of confinement (or here, inadequate medical treatment) amounted to punishment prior to adjudication of guilt....") (citing Hubbard, 399 F.3d at 158).

In Hubbard, the Third Circuit clarified that the Eighth Amendment standard only acts as a floor for due process inquiries into medical and non-medical conditions of pretrial detainees. 399 F.3d at 165-67. Pretrial detainees retain at least those constitutional rights enjoyed by convicted prisoners with respect to the conditions of their confinement. Bell v. Wolfish, 441 U.S. 520, 545 (1979); Hubbard, 399 F.3d at 165-66; Natale v. Camden County Correctional Facility, 318 F.3d 575, 581-82 (3d Cir. 2003).

Here, plaintiff alleges that he had an allergic reaction to the Prolixin prescribed to him by Dr. Campost, and that Dr. Campost did not simultaneously prescribe him another medication to counteract any side effects. However, after the symptoms began to appear, plaintiff did receive immediate medical attention and was given Benadryl and then a shot the next day to counteract the allergic reaction. Plaintiff does not allege any permanent disabilities or injuries from this incident. He does state, however, that he has stopped taking the Prolixin.

Accepting these allegations as true for purposes of screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, this Court finds that there was no denial of medical treatment that was so excessive in relation to any stated purpose of jail security and administration, which would infer that such denial was intended as punishment. See Hubbard, 399 F.3d at 158-63; Newkirk v. Sheers, 834 F. Supp. 772, 781 (E.D.Pa. 1993).

Plaintiff has been provided medical care for his requested needs, although the treatment has not met his personal satisfaction. There are no allegations to suggest that treatment has been denied completely. Plaintiff has not demonstrated any serious medical need that has been purposefully or willfully ignored by defendant. At best, plaintiff may be alleging a state law tort claim of medical negligence against Dr. Campost, which is not cognizable in a § 1983 action. See Estelle v. Gamble, 429 U.S. 97, 105-06 (1976)(allegations of negligent treatment are medical malpractice or medical negligence claims, and do not trigger constitutional protections). Therefore, this claim alleging denial of medical care will be dismissed for failure to state a claim at this time.

Moreover, this Court finds that no diversity jurisdiction exists in this matter if plaintiff's medical claim was construed as simple negligence or medical malpractice under state law. Plaintiff can bring such common law claims in federal district court pursuant to 28 U.S.C. § 1332(a), if the matter in controversy exceeds the sum or value of $75,000, and is between citizens of different states. It has long been recognized that, to found jurisdiction upon § 1332, there must be complete diversity among all parties, i.e., each plaintiff must be a citizen of a different state from each defendant. Owen Equipment and Erection Co. V. Kroger, 437 U.S. 365 (1978). In particular, if a sole plaintiff and any one of several defendants are

citizens of the same state, complete diversity is lacking and the action would have to be dismissed for lack of jurisdiction. Id.

Here, there does not appear to be diversity of jurisdiction between the plaintiff and the defendant, Dr. Campost. Plaintiff is currently confined in the ACJF in New Jersey, and the defendant doctor does business in New Jersey and is employed at the ACJF where the incident occurred.[1] These facts suggest that the defendant likely resides in the State of New Jersey. Therefore, because complete diversity appears to be lacking, the Court has no subject matter jurisdiction over any state law claim that may be construed from the Complaint against this defendant, pursuant to 28 U.S.C. § 1332(a). Plaintiff may seek to reopen this case if he can show facts to support diversity jurisdiction.

## V.   CONCLUSION

Therefore, for the reasons set forth above, the Complaint will be dismissed in its entirety, as against all defendants, for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). An appropriate order follows.

RENÉE MARIE BUMB
United States District Judge

Dated: 2/26/08

---

[1] Plaintiff does not provide the domicile or residence of the defendant Dr. Campost.